**FILED**

**OCT 0 2 2008**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DAN R. BAXTER, | ) | CIV. 07-5050-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO REVERSE |
| MICHAEL ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Dan Baxter (Baxter) filed this action seeking review of the Commissioner's final determination that she is not disabled. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## ISSUES

1. Did the administrative law judge (ALJ) improperly discount the testimony of the treating physician, Dr. Goff?

2. Did the ALJ properly determine that the plaintiff's testimony was not credible?

## BACKGROUND

Baxter was born May 8, 1951. Administrative Record (AR) 109. At the time of the hearing before the ALJ, he was 55 years old. AR 596. Baxter graduated from high school and acquired approximately 70 hours of college credit. AR 598. Baxter also served in the military between 1971 and 1975. AR 109. While serving in the military, Baxter was involved in a motor vehicle accident causing "a compound tibia and fibula fracture resulting in the shortening of his right lower extremity." AR 32, 506.

On August 7, 2003, Baxter filed an application for benefits, alleging that he was disabled due to lumbar spine injury, multiple fractures of the right leg, and depression. AR 31. Baxter alleged that he was disabled as of July 1, 2001. AR 31. The application was denied. AR 31. Baxter requested a hearing before an ALJ and such was held on March 23, 2005. AR 31. Based upon that hearing, the ALJ determined that Baxter was not disabled. AR 40. Baxter appealed and the determination was reversed and remanded by the Appeals Council. AR 46. A second hearing was held before the same ALJ on August 24, 2006. AR 14.

The ALJ found that Baxter suffered from the impairments of depression, post-traumatic stress disorder (PTSD), low back pain, right ankle and knee pain, and alcohol dependence. AR 17. Next, the ALJ determined that none of Baxter's impairments met or equaled a listed impairment. AR 18. As a result, the ALJ proceeded to the next step

of analysis, which required a determination of Baxter's residual functional capacity (RFC). AR 19. The ALJ assessed that Baxter retained the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours; stand and/or walk for four hours; and that he would be able to have occasional contact with the public. AR 19. Based upon this RFC, the ALJ concluded that Baxter was able to perform his past relevant work as a hospital admitting clerk and therefore, he was not disabled within the meaning of the program. AR 21. Baxter seeks judicial review of the denial of his application for benefits.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir.

1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## DISCUSSION

**Issue #1**

Baxter first contends that the determination of the ALJ should be reversed because the ALJ erred when he failed to give controlling weight to the opinion of Baxter's treating physician, Dr. Goff. In formulating the RFC, the ALJ explicitly rejected the opinion of Dr. Goff, stating that his "opinion is not consistent with his own medical records." AR 20.

The Eighth Circuit has held that "[a] treating physician's opinion is generally entitled to substantial weight, but it does not automatically control, because the ALJ must evaluate the record as a whole." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citing Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004)). Nonetheless, the ALJ is required to "give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527 (d)(2). The medical records do contain the attempts by Dr. Goff to ease Baxter's pain with little or no success. AR 506, 511-514. The Court, however, finds that the ALJ did not improperly discount the opinion of the treating physician.

**Issue #2**

Baxter also alleges that the ALJ erred in finding that his complaints of pain were not credible. The Eighth Circuit has held that "[i]n making a credibility determination

regarding a claimant's subjective complaints of pain, the ALJ should consider all evidence related to those complaints 'including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional restrictions.'" Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (quoting Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)). Although each factor need not be explicitly discussed, the ALJ must acknowledge and consider these factors. See Tucker, 363 F.3d at 783 (citing Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996)).

Upon close examination of the ALJ's nine-page opinion and the record itself, the Court concludes that the ALJ properly construed the Polaski factors even though those factors were not itemized which would make for easier appellate review. Credibility determinations are particularly the province of the ALJ and accordingly, the Court must not retry what is the responsibility of the ALJ absent an error of law of which the Court finds none. See Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (holding that deference is given to an ALJ's credibility determination if the ALJ "explicitly discredits a claimant's testimony and gives a good reason for doing so."). See also Gonzales v.

Barnhart, 465 F.3d 890, 895 (8th Cir. 2006); and Randolph v. Barnhart, 386 F.3d 835, 842 (8th Cir. 2004).

Accordingly, it is hereby

ORDERED that the motion to reverse (Docket #1) is denied.

IT IS FURTHER ORDERED that the Commissioner's decision denying plaintiff's application for disability is affirmed.

Dated this 1st day of October, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE